UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
FRANKIE CANCEL,

                Plaintiff,              11-cv-9725 (PKC)

    -against-               MEMORANDUM
                                      AND ORDER

NEW YORK CITY HUMAN RESOURCES
ADMINISTRATION/DEPARTMENT OF
SOCIAL SERVICES, PAUL LIGRESTI,
ROBERT DOAR, ELENA HOLMES, MILDRED
LUCIANO, JOHN/JANE DOE(S), CITY OF
NEW YORK, and MICHAEL BLOOMBERG,

                Defendants.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        Plaintiff Frankie Cancel, proceeding pro se, moves for reconsideration of this Court's Memorandum and Order dated October 30, 2014 (Dkt. No. 83), 2014 WL 5508487 (S.D.N.Y. Oct. 30, 2014), familiarity with which is assumed. In that Order, the Court granted summary judgment to the defendants on Cancel's procedural due process claim and declined to exercise supplementary jurisdiction over his state-law claims. For the following reasons, the motion is denied.

        Motions for reconsideration are "generally not favored and [are] properly granted only upon a showing of exceptional circumstances." Marrero Pichardo v. Ashcroft, 374 F.3d 46, 55 (2d Cir. 2004) (quoting United States v. Int'l Bhd. of Teamsters, 247 F.3d 370, 391 (2d Cir. 2001)). Such exceptional circumstances include "an intervening change of law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Kolel Beth Yechiel of Tartikov, Inc. v. YLL Irrevocable Trust, 729 F.3d 99, 104 (2d Cir. 2013). "[A]

motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

In the October 30 Order, the Court determined that Cancel's interviewers were not authorized to appoint him to a permanent position, because the New York Civil Service Law and the Personnel Rules and Regulations of the City of New York ("PRR") require original appointments to be for a probationary term of one year. Cancel first argues that in so concluding, the Court overlooked the last sentence of Rule 5.2.1(a) of the PRR, which reads: "Appointees shall be informed of the applicable probationary period."[1] He claims that he was never informed of the probationary period, and thus, presumably, that it is not applicable to him.

The Court agrees with Cancel that the affirmation he signed, which warned him that his "employment [was] subject to the satisfactory completion of any applicable probationary period" (Jorgensen Decl. Ex. E at 0033), was insufficient, standing alone, to inform him of the probationary period, because it neither affirmatively stated that a probationary period was in fact applicable to him nor gave the length of the period. But even assuming that this lack of notice was not cured by other written or verbal communications, there is no authority to support Cancel's claim that the failure to inform an appointee of the existence and length of the probationary period results in an appointment to a permanent position. As explained in the October 30 Order, when a government employee erroneously purports to convey a benefit that he was, by statute, not authorized to confer, the government is not bound to recognize that benefit. Oct. 30 Order, at 11, 2014 WL 5508487, at *6. Both New York State law and the PRR explicitly require that appointees to competitive class positions serve probationary terms, and do not allow for individual-level dispensations from that requirement at the time of appointment. Id. at 10,

---

[1] The PRR are available online at http://www.nyc.gov/html/dcas/html/employees/personnelrules_regs.shtml.

2014 WL 5508487, at *5; see also NYC Dep't of Citywide Admin. Servs., Personnel Service Bulletin ("PSB") 200-6R ¶ I.A.1 ("The probationary period on appointment from an open competitive list cannot be waived.").[2]  Consequently, Cancel's interviewees' apparent failure to comply with the notice requirement did not result in Cancel's exemption from the requirement to serve a probationary period.

The cases on which Cancel relies are inapposite.  Albano v. Kirby, 36 N.Y.2d 526 (1975), involved an employee who completed an initial probationary period, but who was not informed that his probation was being extended.  In that case, the court construed a regulation explicitly providing that appointments became permanent upon completion of the minimum probationary period unless the employee was given notice of the extension of the probation.  Id. at 529.  Here, there is no similar regulation providing that failure to comply with the notice requirement results in waiver of the probationary period.  The other cases cited by Cancel, Palmer v. Merges, 37 N.Y.2d 177 (1976), Silva v. City of New York, 35 Misc.3d 1202(A) (Sup. Ct., N.Y. Cnty. 2012), and Norman v. Schriro, No. 100560/2013, 2014 N.Y. Misc. LEXIS 1712 (Sup. Ct., N.Y. Cnty. Apr. 14, 2014), also involved the extension of probationary periods.  Notably, in none of these cases did the plaintiff seek appointment to a permanent position where that appointment was explicitly prohibited by statute.

Cancel misconceives the selective certification process through which he claims that he was appointed to a Paralegal Aide Level II (rather than Level I) position.  That process allows candidates with specialized knowledge or skills to be given preferred consideration over other candidates on the eligible lists for assignments that require enhanced qualifications.  See PRR 4.7.10; PSB 100-12 ¶ I.  Cancel asserts that, through selective certification, he was

---

[2] The PSBs are available online at http://www.nyc.gov/html/dcas/html/employees/psbtoc.shtml.

"promoted" to the Level II position and was thus covered by PRR 5.2.4, which provides: "Upon promotion, the agency may waive the requirement of satisfactory completion of the probationary term at any time during such term." But Cancel never served in the Level I position, or in any other civil service position, and has not explained how the relevant statutes and regulations might allow "promotions" from outside the civil service.[3] On the contrary, the PRR contemplate promotions only from among other positions in "units of governmental service." See PRR 5.3.3(a), (b). Further, the examination Cancel took on February 28, 2008 was open to all New York City residents, and not just to City employees—indeed, Cancel would otherwise have been ineligible to take it. As the New York Court of Appeals has recognized, New York "law clearly distinguishes between open competitive examinations and promotional examinations," and the type of examination has direct bearing on whether a person was "promoted" within the meaning of the civil service statutes and regulations. Bethel v. McGrath-McKechnie, 95 N.Y.2d 7, 12–13 (2000). Accordingly, whatever action Cancel's interviewers may have taken with respect to his job application, it cannot have been a "promotion," and PRR 5.2.4 does not apply.[4]

Cancel has also submitted "newly discovered evidence," in the form of a two-page document he claims was found by his relative, "in a small bag, containing some of her old mail, after recently cleaning out her closet." (Dkt. No. 91, at 1.) The second page of the document purports to be an "Effective Start Date Agreement," and reads, in relevant part: "I, Frankie Cancel[,] confirm that my appointment to the title of PARALEGAL AIDE on Monday,

---

[3] Cancel argues, as he did in his summary judgment papers, that his internship in a private law office constitutes prior employment in the civil service, because he obtained the internship through LaGuardia Community College, a component of CUNY. The Court is unaware of any case or statute supporting this conclusion. Thomas v. Kern, 280 N.Y. 236 (1939), is inapposite: it held that the Civil Service Commission was permitted to give credit for educational training in relevant fields in at least some civil service examinations, not that the educational training constituted prior employment from which one could be "promoted" to a civil service position.

[4] This conclusion applies with equal force to the parallel New York State statute, N.Y. Civ. Serv. Law § 63(1), on which Cancel relies elsewhere in his submissions. The statute allows for waiver of probationary service "upon interdepartmental promotion."

- 4 -

January 15, 2009 is acceptable to me as well as to the DEPARTMENT OF SOCIAL SERVICES." It is signed by Cancel and dated January 15, 2009, and also bears the mention "APPROVED BY: C.S. LIST MANAGEMENT POOL SUPERVISOR." The first page is a cover sheet that appears to be initialed by Geraldine Penn, the pool supervisor. If authentic, this is a very poorly-worded document, because it conflicts almost directly with the several admonitions in the rest of the January 15 paperwork that stated that Cancel was not at that point being offered employment. See Oct. 30 Order, at 3, 2014 WL 5508487, at *2. But even if genuine, this document does nothing to change the Court's conclusion that Cancel's interviewers had no power to appoint him to a permanent position, and thus could not have conferred upon him a constitutionally protected property right in the paralegal aide position.

Finally, Cancel argues that this Court "ignored and overlooked the controlling mandate" issued by the Second Circuit in its opinion reversing the dismissal of Cancel's procedural due process claim. This Court originally dismissed the claim on the grounds that Cancel had not properly alleged that he ever acquired a property interest in the paralegal aide position, because, as alleged, his offer of employment was withdrawn before his appointment became effective. 2012 WL 4761491, at *5–6 (S.D.N.Y. Aug. 1, 2012). On appeal, the Second Circuit held that Cancel had in fact plausibly alleged "a legitimate claim of entitlement to the Paralegal Aide position," 527 F. App'x 42, 45 (2d Cir. 2013), and noted that "a written or verbal communication guaranteeing government employment may, in some circumstances, give rise to . . . a [constitutionally protected] property interest." Id. at 44.

The October 30 Order rests on a different basis, namely, that "Cancel could only have been lawfully offered a probationary position to which, under established precedent, there can be no constitutionally protected right." Oct. 30 Order, at 1–2, 2014 WL 5508487, at *1. The

requirement that new civil service appointees serve probationary periods was not at all discussed by the Second Circuit.  Further, it is readily apparent at the summary judgment stage that Cancel's case is distinguishable from the cases on which the Second Circuit relied for the proposition that written or verbal communications are sometimes sufficient to confer a constitutionally protected property interest.  In both <u>Ciambriello v. Cnty. of Nassau</u>, 292 F.3d 307 (2d Cir. 2002) and <u>Harhay v. Town of Ellington Bd. of Educ.</u>, 323 F.3d 206 (2d Cir. 2003), the plaintiff's property interest was established under a collective bargaining agreement.[5]  In <u>Ezekwo v. N.Y.C. Health & Hosps. Corp.</u>, 940 F.2d 775 (2d Cir. 1991), the court held that the plaintiff, who was enrolled in a medical residency program, had a cognizable property interest in the position of Chief Resident, because the hospital had a longstanding practice of awarding the position to all third year residents on a rotating basis, and the plaintiff was consistently informed before and throughout the first two years of her residency that she would rotate through that position.  <u>Id.</u> at 783.  Here, there was no similar extended course of conduct on the defendants' part.  And most importantly, none of these cases recognized a constitutionally protected property interest in a position that the plaintiff was barred by statute from holding.  Thus, nothing in the Second Circuit's opinion compels reconsideration of this Court's grant of summary judgment to the defendants.

For the foregoing reasons, Cancel's motion is DENIED.

---

[5] The Second Circuit's opinion cites <u>Looney v. Black</u>, 702 F.3d 701 (2d Cir. 2012), which in turn cites both <u>Ciambriello</u> and <u>Harhay</u> for the proposition at issue.  <u>Id.</u> at 708.  In <u>Looney</u> itself, the court held that the plaintiff had no cognizable property interest in full-time employment, because the complaint alleged no "written or spoken guarantee as to the terms of his employment."  <u>Id.</u> at 709.

SO ORDERED.

                                              P. Kevin Castel  
                                       United States District Judge

Dated: New York, New York  
         February 6, 2015